### PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO.

(Circuit Court, S. D. New York. October 19, 1907.)

STREET RAILROADS (§ 58*)—INSOLVENCY—EXPENDITURES BY RECEIVER.

On appointment of a receiver for a street railway, he will be authorized to make such expenditures as are necessary to render the road efficient and to perfect the service in return for which its franchises were given.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 58.*]

Byrne & Cutcheon, for complainants.
Masten & Nichols, for respondent's receivers.

(Circuit Court, S. D. New York. April 14, 1908.)

RECEIVERS (§ 128*)—RECEIVER'S CERTIFICATES—PRIORITY.

Receiver's certificates authorized to be issued by the receivers for a street railway system for the purpose of making betterments necessary to enable the receivers to give an efficient service to the public because of the failure of a lessee to keep the property in repair and properly equipped will not, at the instance of the lessor and its bondholders, be made primarily a first lien on the property of the lessee on the ground that it was liable for waste, to the displacement of claims for material and supplies furnished the lessee which are entitled to priority over the claim for waste.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 219, 220; Dec. Dig. § 128.* Nature of certificates, see note to Postal Telegraph Cable Co. v. Vane, 26 C. C. A. 350.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. On settlement of order for receiver's certificates.

Byrne & Cutcheon, for complainant Pennsylvania Steel Co.
Masten & Nicolls, for defendant New York City Ry. Co. et al.

LACOMBE, Circuit Judge. Since it has been stated by the representatives of the bondholders that they expect to appeal from the order authorizing the issue of receivers' certificates to provide funds to put the roads and equipment of the system in efficient condition, it may be well to file a brief memorandum stating why the suggestions presented at the settlement of the order were not approved.

As has been noted many times, the property was in a deplorable condition when receivers took possession, and it became at once manifest that in order to secure a proper and efficient service, such as the public was entitled to, it would be necessary to expend a large amount of money on improvements and equipments of such sort as to amount to reconstruction and new acquisition. See opinions of October 8th (157 Fed. 440) and October 19th (165 Fed. 455). It was foreseen then, as the event has shown, that the cost of such work would have to be borne by the property; its income is wholly insufficient. This is unfortunate for the owners and bondholders, but there seems no help for it; the property must be put in fit condition, and, by restricting the expenditures of the proceeds of certificates to the betterment of such property only as is covered by both mortgages, it is thought that the court has done all it can to protect the interests of the bondholders under those mortgages. The court is now operating the road with full appreciation of the obligations due to the public in consideration of the franchises granted; it is far better able to determine as to the details of these expenditures than are the bondholders, who are not and cannot well be familiar with the practical operation of the road, however competent they may be to deal with the legal aspects of the situation. From past experience it may reasonably be assumed that the discharge of those obligations will be more satisfactorily effected by receivers under instructions of the court.

It is undoubtedly true that the property got into this deplorable condition because of the failure of the lessee company (New York City Railway) to spend sufficient money upon repairs and re-equipment during the running of the lease. It would seem that the lessor company might have a good cause of action against the lessee for waste in allowing the leased property to go to wreck. Whether some defense to this claim might be sustained on the theory that the lease itself was only a cover to allow the owners of an unproductive property to declare dividends out of the paid-up rent, while an impecunious company incurred the indebtedness for operation need not be considered. It may be assumed that, even to the full extent of the $3,500,000 now authorized for certificates, the Metropolitan Street Railway Company has a valid claim against the lessee road for waste. What the Metropolitan interests now ask is to make the lien of the certificates fall in the first instance on all property of the New York City Railway, and on all the earnings and income realized from the operation of the property by receivers since their appointment in the original cred-

itors' bill against the lessee road.    The natural result would be to give to this claim for waste a priority over all other claims, even those of creditors for material and supplies furnished within four months of receivers' appointment, a class of claim which is accorded priority in every federal jurisdiction, and might quite possibly leave the court without means even to pay the expenses of liquidating claims already advertised for and filed with its special master.

This seems inequitable, and the clauses submitted have been excluded from the order.